UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

DCO-116

No. 23-2251

MEMPHIS STREET ACADEMY CHARTER SCHOOL AT J.P. JONES; PATRICE
ROGERS, on her own behalf, and on behalf of her minor child GR; NICAURIS
ESTEVES, on her own behalf, and on behalf of her minor child EE; TAWANDA
PATTON, on her own behalf, and on behalf of her minor child TP; NASHEEYA
BURCH, on her own behalf, and on behalf of her minor child NB; VALERIANO
GLORIA, on her own behalf, and on behalf of her minor child VG; DENISSE
PELUYERA, on her own behalf, and on behalf of her minor children KS, PN, JR;
LUIS VALAZQUAS, on his own behalf, and on behalf of his minor children LV and
NV,
Appellants

v.

SCHOOL DISTRICT OF PHILADELPHIA

(E.D. Pa. No. 2-22-cv-02760)

Present:  JORDAN, RESTREPO and PORTER, Circuit Judges

1. Clerk's Submission for Possible Dismissal due to Jurisdictional Defect

2. Response filed by Appellants Nasheeya Burch, Nicauris Esteves, Valeriano
   Gloria, Memphis Street Academy Charter School at J.P. Jones, Tawanda
   Patton, Denisse Peluyera, Patrice Rogers and Luis Valazquas

3. Response School District of Philadelphia

Respectfully,
Clerk/lmr

_____ORDER_____

Generally, this Court may hear appeals only from final decisions of the district court.  See
28 U.S.C. § 1291.  "A 'final decision' is 'one which ends the litigation on the merits and
leaves nothing for the court to do but execute the judgment.'"  Weber v. McGrogan, 939
F.3d 232, 236 (3d Cir. 2019) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)).
The order appealed here did not dismiss all claims as to all parties, however, the
appellants argue that the order denied injunctive relief and is appealable under 28 U.S.C.

§ 1292(a)(1).  See id. (providing for review of "interlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing, or dissolving injunctions).  The Court construes this exception narrowly and limits review to orders expressly or having the practical effect of granting or denying an injunction.  See Defense Distributed v. Att'y Gen. of New Jersey, 972 F.3d 193, 198 (3d Cir. 2020).  In this case, the district court did not expressly deny injunctive relief in the order appealed.  Further, the appellants have not shown that the order had the practical effect of denying injunctive relief, nor have they demonstrated that the order "might have a serious, perhaps irreparable, consequence and that the order can be effectually challenged only by immediate appeal." Carson v. Am. Brands, Inc., 450 U.S. 79, 83-84 (1981) (quotation marks omitted); see also Zenith Ins. Co. v. Newell, 78 F.4th 603, 607 (3d Cir. 2023).  The appellants concede that the order may be effectually challenged when a final decision is reached, and they have not presented a risk of a serious, irreparable consequence to the Court.  Because the order is nonfinal and not reviewable under 28 U.S.C. § 1292(a)(1), the appeal is DISMISSED for lack of appellate jurisdiction.

By the Court,

s/David J. Porter
Circuit Judge

Dated: June 11, 2024
Lmr/cc: All Counsel of Record

**A True Copy:**

Patricia S. Dodszuweit, Clerk
Certified Order Issued in Lieu of Mandate